IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

NATHAN E. FIGG
230 FARMERS TURNPIKE                          CASE NO.
GARDNER, NY 12525

      PLAINTIFF

      - VS. -                                      COMPLAINT AND JURY DEMAND

AIRSTREAM, INC.
c/o CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, STE. 125
COLUMBUS, OHIO 43219

      DEFENDANT

---

## PRELIMINARY STATEMENT

1.     This case is about a defective 2023 Airstream Rangeline recreational vehicle ("RV") that was built and warranted by Defendant Airstream, Inc. ("Airstream"), was plagued with substantial defects from the beginning, was in the shop at Defendant Airstream's authorized and designated warranty repair facilities for warranty repairs a total of 5 times, and was not repaired within a reasonable amount of time or within a reasonable number of repair attempts.

2.     This case involves claims asserted under the Ohio Commercial Code, the California Commercial Code, the Nevada Commercial Code, the Georgia Commercial Code, or the New Jersey Commercial Code, the Magnuson Moss Warranty Act, and the Ohio

Consumer Sales Practices Act, RC 1345.01 et seq.

3.    Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

4.    The vehicle which is the subject of this dispute was acquired by Plaintiff in New Jersey and was defective when acquired; ineffective repair attempts were made upon the subject RV by Defendant's authorized representative dealerships in New Jersey, Nevada, California, and Georgia; the place where the relationship of the parties arose is New Jersey because the warranty obligations of Defendant were received by Plaintiff with the purchase of the subject RV in New Jersey; Defendant communicated with Plaintiff directly while he was in New York; Defendant manufactured and distributed the RV in its final form in Ohio; and Airstream advertised and solicited the sale of the RVs which it manufactured and distributed, including Plaintiff's RV, nationwide.

5.    Prior to the sale of the subject RV to Plaintiff, Defendant made arrangements for compensation of its designated representatives for the performance of warranty-covered service and repairs upon RVs they manufactured, in accord with 15 USC 2307.

6.    In its warranty and/or owner manual for the subject RV Defendant Airstream instructed Plaintiff that in the event of a defect Plaintiff was to "notify Airstream OR an authorized dealership of the defect; AND..."deliver your Motorhome to Airstream OR an authorized dealership at your cost and expense" and, under 15 USC 2307,

Defendant Airstream thereby designated each authorized dealer who worked on the subject RV to perform the manufacturer's duties under the written or implied warranties. Subsequent to each request by Plaintiff for repair of a condition or defect on the subject RV covered by Defendant Airstream's express or implied warranties, if the repair request was approved by Defendant Airstream each such designated representative was compensated by Defendant Airstream for the designated representative's performance of Defendant Airstream's duties.

7. Upon information and belief, Defendant Airstream controlled and/or directed the acts of each authorized repair facility who attempted to perform warranty repair work on the subject RV under its warranty, by Defendant Airstream's control and direction of the speed and processing of warranty repairs and parts distribution from its factory in Ohio and through its written dealer manual.

8. As a result of the above, Airstream's authorized retail seller and/or every authorized repair facility that worked on the subject RV under Airstream's warranty were controlled and/or directed by Defendant Airstream with regard to one or more of the acts and/or omissions which they each committed in regard to the subject RV.

## IDENTIFICATION OF PARTIES

9. Nathan Figg is a natural person domiciled in, residing in, and a citizen of New York, and is a consumer and buyer within the meaning of applicable laws.

10. Defendant Airstream was at all times relevant the manufacturer and warrantor of the

subject RV that Plaintiff acquired from Colonial RV, is a Nevada corporation with its principal place of business in Jackson Center, Shelby County, Ohio, and it is a citizen of Nevada and Ohio. Airstream was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized, designated dealerships and agents in New Jersey, Nevada, California, Georgia, and elsewhere.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

11. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

12. This claim is for breach of warranty and/or contract by defendant in Ohio and/or California and/or Nevada and/or Georgia and/or New Jersey.

13. Plaintiff brings this action for monetary damages and equitable remedies because of serious and chronic defects that the subject RV has experienced and exhibits.

14. The RV is inherently defective in materials, design, and/or workmanship and the defects appeared and arose during the term of Airstream's warranty shortly after Plaintiff took delivery of the subject RV, and Airstream and its authorized representatives and agents have been unable to correct the defects after multiple repair opportunities.

15. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiff.

16. At all times relevant, Colonial RV was a supplier and merchant and an authorized

representative and agent of Defendant in New Jersey. Colonial RV was authorized by Defendant to act for it in all respects related to the sale and warranty repair work performed or attempted on the subject RV. Plaintiff acquired the subject RV from Colonial RV, and Colonial RV performed warranty repair attempts on the subject RV.

17. At all times relevant, Airstream Las Vegas was a supplier and merchant and an authorized representative and agent of Defendant. Airstream Las Vegas was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Airstream Las Vegas performed warranty repair attempts on the subject RV.

18. At all times relevant, Airstream Orange County was a supplier and merchant and an authorized representative and agent of Defendant. Airstream Orange County was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Airstream Orange County performed warranty repair attempts on the subject RV.

19. At all times relevant, Camping World RV Sales - Woodstock was a supplier and merchant and an authorized representative and agent of Defendant. Camping World RV Sales - Woodstock was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Camping World RV Sales - Woodstock performed warranty repair attempts on the subject RV.

20. At all times relevant, Southland RV was a supplier and merchant and an authorized representative and agent of Defendant. Southland RV was authorized by Defendant

to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Southland RV performed warranty repair attempts on the subject RV.

21.   Plaintiff experienced repeated problems with various aspects of the RV including the parts which were warranted by Airstream.

22.   On or about May 15, 2023 the parties entered into a consumer transaction, in that Plaintiff placed a $54,000 deposit on the RV, and financed the remaining balance of $84,883.92 with Bank of America. Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2023 Airstream Rangeline RV believed to bear VIN # 3C6MRVUGXNE128988, and whose total cost was about $134,188.92.

23.   Plaintiff acquired the vehicle in reliance on the existence of a 36 month written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

24.   Defendant Airstream's warranty provides that "Exclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and breach of implied warranties arising by operation of law as well as those relating to representations of any nature rests in the courts within the state of manufacture, which is Ohio."

25.   Defendant Airstream's warranty also provides that "[a]ny and all claims, controversies, and cases of action arising out of or relating to this limited warranty, whether sounding contract, tort or statue, shall be governed by the laws of state of

Ohio."

26.    An integral part of the purchase of the RV was the representations and advertising representations made to Plaintiff and the public by Airstream.

27.    Plaintiff would not have purchased the subject RV but for the representations made by Airstream to induce Plaintiff into making the purchase.

28.    Any limitation on the Airstream express warranty is unconscionable pursuant to applicable Law. Specifically:

        a.    If made, the limitation was made in a pre-printed adhesion contract for which the term could not be negotiated;

        b.    If made, the limitation and/or disclaimer was the result of legal assistance to Airstream, which they each were able to purchase because of the relative advantages they maintain over the Plaintiff;

        c.    The substance of the bargain should not allow Airstream to sell a very expensive defective product and receive a large profit, while at the same time washing their hands of the product and leaving no reasonable recourse for Plaintiff;

        d.    If made, the disclaimers and/or limitations are each a direct result of a superior bargaining position because of their relative sophistication and knowledge and/or is a calculated and intended method designed to attempt to escape liability for producing and distributing and selling a defective RV;

     e.    Any attempt to discharge Airstream from obligations under its warranty due to an accident which did not cause or relate in any way to the RV's alleged defects, as inconsistent with Airstream's warranty promises.

29.    Pursuant to applicable law, Plaintiff received an implied warranty that the product would be fit for its ordinary purpose and/or use. Pursuant to applicable, Plaintiff received an implied warranty of merchantability. Furthermore,

     a.    These implied warranties were each not disclaimed or could not be disclaimed, or

     b.    In the alternative were each not properly disclaimed in that the disclaimer was not written so that a reasonable person ought to have noticed or comprehended same, specifically:

        i.    It was not written in all capitals;

        ii.    It was not in a different font or color; and

        iii.    It was not on the face of the retail installment contract and/or warranty. or

     c.    It was not conscionable pursuant to the Magnuson Moss Warranty Act and/or applicable law. Specifically:

        i.    If made, the disclaimer was made so in a pre-printed adhesion contract for which the term could not be negotiated;

        ii.    If made, the disclaimer was a result of legal assistance to Airstream and said entity was able to purchase the legal

assistance because of its relative advantages it maintains over the
Plaintiff;

iii.   Moreover, the substance of the bargain is such that Airstream
should not be permitted to sell an expensive defective produce
and to receive a large profit, while at the same time washing its
hands of the product leaving no reasonable recourse for
Plaintiff;

iv.   If made, the disclaimers and/or limitations are each a direct
result of a superior bargaining position because of the relative
sophistication and knowledge and/or is a calculated and
intended method designed to attempt to escape liability for
producing and distributing and selling a defective RV.

30.   The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable
amount of time and within a reasonable number of attempts if a defect arose, and (b)
to give Plaintiff confidence in the reliability and quality of the RV, and (c) to give
Plaintiff confidence in the Defendant's representations about the subject RV and the
vehicles defendant designed and built, and (d) to give Plaintiff confidence in
Defendant itself as a responsible company that lived up to its representations, its
word, and its warranties.

31.   After acquiring the vehicle, Plaintiff discovered that it did not conform to the
representations of Defendant inasmuch as it developed continuing malfunctions,

-9-

defects and problems.

32.    The vehicle has been in for warranty and defect repair and service multiple times for a laundry list of defects, problems and malfunctions far exceeding what a reasonable person would expect if the vehicle had been manufactured right in the first place or repaired right by Defendant.  The vehicle has been out of service by reason of repairs to the RV an unreasonable number of days and a time far exceeding what a reasonable person would reasonably expect for the quality of which Defendant represented the product would be. The service work was performed under warranties from Airstream at various times and dates since purchase.

33.    The defects in the RV, which were substantial and existed in the materials and workmanship caused by Defendant, included, but are not limited to, Dinette table bracket falling off; Fresh water tank leak; Firefly system inop; Solar panels won't charge; Molding around kitchen sink leak; Generator fuel leak; Bed step latch inoperative; Generator inoperative, among other things.

34.    Plaintiff has been unable to use the vehicle in the expected, normal and customary manner because of the substantial defects and problems and malfunctions experienced with the subject RV and Plaintiff's loss of confidence in the reliability of the subject RV and loss of confidence in the ability of defendant, jointly to live up to its warranties and/or promises and/or representations.

35.    Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

Case: 3:25-cv-00036-WHR-PBS  Doc #: 1  Filed: 02/10/25  Page: 11 of 20  PAGEID #: 11

36.    In all respects, Plaintiff substantially if not completely performed his obligations under the RV's warranty from Defendant and Defendant did not perform its obligations, as set forth herein above and below.

37.    Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

38.    On or about June 12, 2023, Plaintiff presented the RV to Airstream Las Vegas, a factory warranty authorized repair shop, for repair of the following defects under the Airstream warranty for about 2 days:

- •    Generator Fuel leak.

39.    On or about June 15, 2023, Plaintiff presented the RV to Airstream Orange County, a factory warranty authorized repair shop, for repair of the following defects under the Airstream warranty for about 1 day:

- •    Generator Fuel leak;
- •    Firefly system inoperative.

40.    On or about December 26, 2023, Plaintiff presented the RV to Camping World RV Sales - Woodstock, a factory warranty authorized repair shop, for the RV to be winterized.

41.    On or about May 10, 2024, Plaintiff presented the RV to Southland RV, a factory warranty authorized repair shop, for repair of the following defects under the

Airstream warranty for about 22 days:

- Dinette table bracket falling off;
- Fresh water tank leak;
- Firefly system inoperative;
- Solar panels will not charge;
- Molding around kitchen sink leaks;
- Generator fuel leak;
- Bed step latch inoperative;
- Generator inoperative.

42. While the RV was in the possession of Southland RV, the dealership requested that Plaintiff pick up the RV and transport it to Cummins Sales and Service, in Gainesville, Georgia, where it remained for 2 days for repair of the following reported defects:

- Generator will not keep running, fuel leak;
- Generator Inoperative.

43. On or about June 4, 2024, Plaintiff returned the RV to Southland RV, after he picked it up from the Cummins dealership, where it remained for another 25 days for repair of the following defects under the Airstream warranty:

- Dinette table bracket falling off;
- Fresh water tank leak;
- Firefly system inoperative;
- Solar panels will not charge;
- Molding around kitchen sink leaks;
- Generator fuel leak;
- Bed step latch inoperative;
- Generator inoperative.

44. Plaintiff had numerous telephone calls and/or emails with Defendant and its authorized, designated dealers and/or other entities for help with the RV and during

most if not all of these, Plaintiff was in Georgia and/or New York.

45. After being in the repair shop multiple times and being out of service for more than 50 days or more during the factory warranty and accumulating more than 8 warranty-covered defects since its acquisition, Plaintiff notified Defendant that he wanted his money back, but Defendant would not do that.

46. In spite of Defendant's obligations, when Plaintiff complained of the inability of Defendant and its authorized warranty-repair facility to repair the vehicle, Defendant did not repair or replace or repurchase the subject RV.

47. Prior to filing this case, including on October 15, 2024 and one or more other dates, Plaintiff provided notice to Defendant about its failures to live up to its warranty and/or contract, and its unfair, deceptive and/or unconscionable acts or practices in relation to the RV.

48. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Defendant as a company.

49. As a result, Defendant breached its express and/or implied warranties and/or contract.

50. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff is entitled to all applicable legal and equitable remedies in law.

51.     In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff is entitled to all applicable legal and equitable remedies in law.

52.     Through its advertising and otherwise, Defendant represented that the RVs it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiff acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

53.     Through its advertising and otherwise, Defendant represented that the RVs which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiff relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

54.     The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiff.

55.     Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiff to lose confidence in the reliability of the subject motor vehicle and in the ability of Defendant to repair the vehicle's defects.

56.     Plaintiff provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

57.     As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle, and Defendant's repair remedy failed of its essential purpose.

58.     After being in the repair shop 5 times and of service a total of more than 50 days:

   a.     Plaintiff requested that an independent repair shop of his choice repair the defects and have Defendant Airstream pay it for the repairs, but the independent repair shop would not do that; and

   b.     Plaintiff notified Defendant Airstream that the RV's defects were incurable and he wanted Defendant Airstream to pay his diminished value damages, but the Defendant Airstream would not do that.

59.     One or more of the defects and malfunctions in the vehicle were covered under the terms of Defendant's warranties and/or contract, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

60.     Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

61.     Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

62.   The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

63.   This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

64.   By operation of law, Defendant gave Plaintiff an implied warranty of fitness for a particular purpose and merchantability on the subject RV under the Commercial Code.

65.   Plaintiff specifically alleges that Defendant represented that the RVs it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation, recreational use, and travel, and Plaintiff acquired the subject RV in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

66.   Plaintiff specifically alleges that Defendant represented that the RVs which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used.

67.   In addition to the defects which plagued the subject RV and which Defendant failed

to repair within a reasonable amount of time or within a reasonable opportunity to repair, or in some cases failed to repair at all, the subject RV was defective when built, defective when delivered to Defendant's authorized retail seller, and defective when delivered to Plaintiff.

68. Plaintiff specifically alleges that the subject RV involved in this case was not, however, of merchantable quality.

69. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

70. As a result of the above, among other things, Defendant breached one or more of its warranties and its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

71. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

72. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the above.

**THIRD CLAIM: OHIO CONSUMER SALES PRACTICES ACT**

73. This claim is for violation of the Ohio Consumer Sales Practices Act, ORC 1345.01, et seq.

74. Plaintiff specifically alleges that Plaintiff is a consumer and person, Defendant is a supplier, the parties entered into one or more consumer transactions within two years

prior to the filing of this case, that at all times each Defendant had knowledge of its acts and omissions, practices and procedures, all within the meaning of the Act and its promulgated substantive rules.

75.    As a result of the above, among other things, one or more unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by both Defendants, including but not limited to:

    A.    Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have;

    B.    Representing that the subject of a consumer transaction is of a particular standard or quality when it is not;

    C.    Representing that the transaction involves or does not involve a warranty and/or contracts, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false;

    D.    Breach of express and/or implied warranties and/or contracts of warranty;

    E.    Violation of the Magnuson Moss Warranty Act and/or its applicable regulations.

76.    As a result of the above, inter alia, Defendant committed one or more unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of applicable state Udap law(s), before, during or after a consumer transaction involving Plaintiff and in relation to the subject vehicle.

77.    As a direct and proximate result of the above Plaintiff has suffered actual, incidental

and consequential losses and injury and noneconomic damages.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $75,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, statutory, treble, non economic, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of

acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiff demands trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiff
BURDGE & WELLS LAW OFFICE
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:    937.432.9500
Fax:            937.432.9503
Email:         Beth@Burdgelaw.com

Z:\data\Figg, Nathan\Core Pleadings\Core Complaint Airstream 020325 bw.wpd